UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                          16-CR-200

    -v-

                                                          **AFFIRMATION**

GUSTAV KLOSZEWSKI

                         Defendant.
------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

    Patrick Joyce, being duly sworn, deposes and says:

    1. I am the attorney of record for the defendant, Gustav Kloszewski, and I am duly admitted to practice law before this Court.

    2. This affidavit is submitted in support of the defendant's motion for omnibus pretrial relief and except when the context shows otherwise, is made upon information and belief.

### REQUEST FOR AUDIBILITY HEARING

    3. On February 26, 2016, the defendnat was engaged in a conversation which was being surreptisiously recorded by the Government's cooperating witness. During several key portions of the conversation the microphone being used by the cooperating witness appears to be covered in some manner, as the recording of the conversation becomes unintelligible. The defendant requests a hearing where the issue of audibility can be determined. If it is determined that portions of the tape are undiscernible, the defendant will then ask the court to conduct an inquiry into whether the evidence was intentionally spoiled by an agent of the Government.

## BILL OF PARTICULARS

The function of a bill of particulars is to provide a defendant with details of the charge against him necessary for the preparation of his defense and to prevent prejudicial surprise at trial. See United States v. Glaze, 313 F.2d 757 (2d Cir. 1963); United States v. Feola, 651 F. Supp. 1068 (S.D.N.Y. 1987); United States v. Nakashian, 635 F. Supp. 761 (S.D.N.Y. 1986); United States v. Greater Syracuse Board of Realtors, 438 F. Supp. 376 (S.D.N.Y. 1977). Our request is "a fair-minded pursuit of the truth". See, United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988), United States v. Glaze, supra. Indeed, in Glaze, 313 F.2d at 761, the Second Circuit commented that:

> We have observed that the Government, on occasion, objects to granting particulars even though no disadvantage to it can be ascertained. In so doing, it follows a policy which has gradually fallen into disfavor in our courts of criminal justice -- in that it should reveal but the bare minimum of the elements of the offense charged so as to satisfy in the most cursory manner the requirement that the defendants be apprised of enough information to aid him in the preparation of his defense.

Mr. Kloszewski is entitled to the following requested particulars under the facts of this case and under the prevailing rules and case law:

1. State the precise date, time and location for each of the charged offenses

2. State the substance of the defendant's conduct encompassed by each of the charges which the prosecutor intends to prove at trial on her direct case, including the following:

    a. State the precise acts which the defendant allegedly committed which prove that he "willfully and knowingly engaged in the business of dealing in firearms".

    b. State the precise acts which the defendant allegedly committed which prove that he "aided and abetted the transportation of firearms from Florida to New York for the purpose of illegaly selling firearms".

## DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure request is made of the Government to disclose to defense counsel and make available for inspection, photographing, copying or testing the following property which is in the possession, custody or control of said Government or any other law enforcement agency or which the Government can obtain through a diligent good faith effort.

1. Any written, recorded or oral statement of the defendant made to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him. This includes but is not limited to any such statement which the Government does not intend to offer on its direct case.

With respect to each such statement:

a. state the precise contents;

b. state the date, time and place the statement was made;

c. state the name, shield number and command of all law enforcement officers to whom the statement was made or who were present when it was made;

d. state whether the statement was oral or in writing and if in writing, provide copies of the written statement.

e. if recorded on audio or videotape, supply a copy of such tape.

2. Any written report or document, or any portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the Government intends to call at trial, or which the Government intends to introduce at trial.

3. Any property obtained from the defendant including but not limited to property obtained from the person of defendant, his immediate vicinity, the scene of the alleged crime, location or vicinity of arrest, or from any other person or location during the investigation of said case.

With respect to each item of property:

    a. describe it;

    b. state the date, time and exact location from which the property was recovered;

    c. if recovered from the defendant's person, state the individual's location when the property was recovered and exactly where on his person the property was found;

    d. state whether the property was recovered pursuant to a warrant;

    e. state whether such property was vouchered and if so, provide the voucher number;

    f. state whether such property was submitted for laboratory analysis.

4. All tapes or other electronic recordings which the prosecutor intends to introduce at trial, irrespective of whether such recording was made during the course of the alleged criminal transaction.

5. Anything required to be disclosed to the defendant by the prosecutor, pursuant to the Constitution of this State or of the United States.

6. All evidence which is exculpatory or favorable to the defendant in accordance with Brady v. Maryland, 373 U.S. 83 (1963). This includes but is not limited to:

  a. the name, address and date of birth of any witness who has provided a factual account of the alleged crime incident which differs from or contradicts the factual account of any other witness to the incident, and the details of such different accounts;

  b. any prior inconsistent statements of a witness;

  c. the name, address and date of birth of any witness to the alleged criminal incident who the prosecutor does *not* intend to call as a witness at trial and any statement of such witness;

  d. the name, address and date of birth of any witness who has changed or recanted his testimony and the details of such change;

  e. the name, address and date of birth of any person other than the defendant who is or has been considered by any law enforcement official to be a suspected perpetrator of the crimes charged;

  f. the video contained in the phone of the cooperating witness which is referred to by the cooperating witness during the meeting of February 26, 2016.

  g. all records (including cell site information) pertaining to the phones which were carried by the cooperating witnesses during the pendency of this alleged conspiracy.

  h. all Law Enforcement documents which relate to the arrest of the cooperating witness. Including but not limited to all reports relating to the individuals to whom the cooperating witness sold guns while she was in New York.

7. All evidence which tends to impeach the credibility of any prosecution witness in accordance with United States v. Giglio, 405 U.S. 150 (1972). This includes but is not limited to:

      a. the criminal record of each witness the prosecutor intends to call at trial, including any convictions, pending and prior criminal charges;

      b. any information concerning any bad or immoral acts of any witness the prosecutor intends to call at trial;

      c.. any information concerning treatment or institutionalization for psychiatric or psychological disorders of any witness the prosecutor intends to call at trial, including date, place and substance of treatment;

      d. any information concerning treatment or institutionalization for alcohol or drug abuse of any witness the prosecutor intends to call at trial, including date, place and substance of treatment;

      e.. any information concerning any payment, promise or consideration promised to or received by any witness the prosecutor intends to call at trial;

**DEMAND** is further made that any refusal to supply any of the requested material be made in writing setting forth the grounds for such refusal and that a copy thereof be served upon the undersigned and filed with the Court within fifteen days of receipt hereof.

_____
Patrick Joyce

Sworn to before me this
20th day of May, 2016

_____
Notary Public