USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GUSTAV KLOSZEWSKI,

                                     Petitioner,

    -against-

UNITED STATES OF AMERICA,

                                     Respondent.
------------------------------------------------------------- X

**ORDER DENYING MOTION FOR RECONSIDERATION**

20 Civ. 3998 (AKH)
16 Cr. 200 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Gustav Kloszewski moved pursuant to 28 U.S.C. § 2255 to vacate his conviction for firearms trafficking conspiracy, firearms trafficking, Hobbs Act robbery conspiracy, and conspiracy to distribute and possess with intent to distribute controlled substances. Petitioner argued that he received ineffective assistance of counsel because his trial counsel, Patrick Joyce, failed to locate and question witnesses and offered bad advice in recommending that Petitioner reject a plea offer. I rejected those arguments and denied Petitioner's motion. Order Denying Motion to Vacate (July 24, 2020), ECF No. 284 (the "Order"). Petitioner now moves for reconsideration. Petitioner's motion is denied.

      "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The movant must set forth "matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. Local Civil Rule 6.3; *see also Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Here, Petitioner does not point to any factual matters or controlling decisions that I overlooked on the underlying motion. Rather, he rehashes the same arguments that I considered but rejected in my Order. First, Petitioner argues that I erred in crediting Joyce's affidavit, where Joyce detailed his advice in plea negotiations and investigation of potential witnesses. Rather than blindly trusting Joyce over Petitioner, I took into account that Joyce's assertions are corroborated by the record and my own observations during proceedings, while Petitioner's assertions are incredible by comparison. *See Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (holding "detailed affidavit from trial counsel credibly describing the circumstances" was sufficient to dismiss petition without an evidentiary hearing where petitioner made contrary but "self-serving and improbable assertions"); *Kone v. United States*, No. 05-CR-102-01 (KMK), 2012 WL 13171348, at *1-3 (S.D.N.Y. Jan. 26, 2012) (collecting cases relied on written affidavits and trial records to address ineffective assistance of counsel claims).

Second, Petitioner argues that I disregarded the affidavit of Ralph Abravaya, an individual Petitioner says Joyce should have used as a lead to locate exculpatory witnesses. To the contrary, as I highlighted in the Order, I considered Abravaya's affidavit and determined that it actually undermines Petitioner's claims. Abravaya says in his affidavit that he does not know the purported witnesses that Petitioner describes. Thus, Petitioner cannot claim any prejudice arising from Joyce's alleged failure to use Abravaya as a resource. Furthermore, Abravaya's affidavit does not undermine the credibility of Joyce's affidavit.[1]

In conclusion, Petitioner's motion for reconsideration is denied. The Clerk is directed to close the open motions, ECF No. 291 on the criminal docket for Case No. 16 Cr. 200, and ECF No. 8 on the civil docket for Case No. 20 Civ. 3998. The Clerk's Office is directed to

---

[1] For example, Abravaya claims he has not had any contact with Joyce or his associates, yet Joyce's affidavit sets forth details of Abravaya's conversation with investigators, the nature of Abravaya's business, and Abravaya's relationship with Petitioner.

mail a copy of this order to Gustav Kloszewski, Register No. 34390-019, USP Lewisburg, P.O. Box 1000, Lewisburg, PA 17837.

        SO ORDERED.

Dated:     September 29, 2020
               New York, New York

                                                    ALVIN K. HELLERSTEIN
                                                    United States District Judge