UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA,                   :
:  **ORDER DENYING**
:  **DEFENDANT'S SECOND**
-against-                                   :  **MOTION FOR**
:  **COMPASSIONATE RELEASE**
GUSTAV KLOSZEWSKI,                          :
:  16 Cr. 200 (AKH)
:
Defendant.                   :
:
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Gustav Kloszewski ("Kloszewski") was convicted by jury verdict of (1) conspiracy to traffic in firearms; (2) trafficking firearms; (3) interfering with commerce by threat or violence under the Hobbs Act; and (4) conspiracy to distribute narcotics. ECF No. 170. This translated to an offense level of 38. ECF No. 226. Kloszewski had 13 points of criminal history, or category VI. *Id.* at 15. His guideline range was 360 months to life. *Id.* at 21. On December 1, 2017, I sentenced Kloszewski to 260 months' imprisonment to be followed by five years of supervised release. ECF No 240. Kloszewski is currently serving time at FCI Williamsburg in South Carolina, where he is seven and a half years into his sentence. ECF No. 304.

Kloszewski's motion seeks compassionate release to reduce his sentence to ten years. ECF No. 304. His request to the FCI Williamsburg warden, asking that his sentence be shortened or converted into home confinement, was never answered. *Id.* Kloszewski alleges in that document that he suffers from hypertension, type two diabetes, is over sixty years of age, and is at a heightened risk for the COVID-19 virus. *Id.* Kloszewski also alleges that he is

medicated for his conditions, but remains at high risk for a serious COVID-19 infection. *Id.* He alleges also that the dental care is very poor at the prison, and he has lost three teeth during his sentence as a result. *Id.* Kloszewski adds that he has had no disciplinary infractions during his sentence, and he serves the prison population in the education department. *Id.*

Pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3624(c)(2), A court may reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of showing he is entitled to such relief. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). To meet this burden, a defendant must show that three conditions are satisfied: administrative exhaustion; satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. *United States v. Keitt*, 21 F.4th 67, 2021 U.S. App. LEXIS 37888, at *11 (2d Cir. Dec. 22, 2021). If any one of these conditions is not met, a court may deny relief. *Id.*

Kloszewski's motion is denied. He has failed to establish the requisite extraordinary and compelling reasons that would justify a reduction of his sentence. He may suffer from certain medical conditions, but these appear mostly to be managed by medication provided by the Bureau of Prisons. But the main reasons for denying his motion are the Section 3553(a) factors that brought about his sentence, and these have not been mitigated. Section 3553(a) directs judges to consider, among other facts, the nature and circumstances of the offense and the history and characteristics of the defendant when weighing the appropriateness of a sentence. 18 U.S.C. § 3553(a). Application of those considerations counsels against shortening Kloszewski's sentence. Kloszewski's crimes were serious, involving trafficking in

firearms between Miami and New York, raiding a gun stash house, and conspiring to distribute controlled substances. His criminal history is extensive; yet he continued his criminal history well past his middle age. His sentence was deserved, and there are no extraordinary and compelling reasons to reduce it. His motion is denied.

    The Clerk of Court shall terminate ECF No. 304.

    SO ORDERED.

Dated:     October 30, 2022
          New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge